AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, A. F. OF L. *v.* THE CONNECTICUT COMPANY

SUPERIOR COURT   NEW HAVEN COUNTY   FILE No. 78858

Memorandum filed March 23, 1954.

*Jeremiah D. Shea,* of New Haven, for the Plaintiff.

*Thomas J. O'Sullivan,* of New Haven, for the Defendant.

CONWAY, J. The matter in question is an application to vacate an arbitration award.

Prior to August 10, 1953, the parties hereto entered into an arbitration agreement and in accordance therewith each of the parties had appointed one arbitrator, namely, David E. FitzGerald, Jr., by the union and Harry L. Filer by the company, and the two, so appointed, appointed a third arbitrator, Paul W. Bruton, said appointment also being in accordance with the agreement.

By the pleadings and also the evidence, it was established that the arbitration hearings began on August 10, 1953, and continued on August 11, 12, 13, 17, 18, 19 and 21, and the so-called executive sessions were held on August 19 through August 21. All of the arbitrators met at each of these hearings until Friday, August 21, 1953, when about noon, David E. FitzGerald, Jr., withdrew from the executive session then in progress.

The petitioner claimed that there were certain irregularities about the proceedings that amounted to undue means. The first claimed irregularity was that Mr. Bruton had sat as an arbitrator in a similar dispute in New York state, and did not disclose information having to do with that proceeding to his associates. I find no authority requiring such disclosure. The second of these irregularities was a claimed secret meeting between Filer and Bruton held in the absence of Mr. FitzGerald. At the trial it was established that no such meeting in fact took place. The third irregularity was the presence of Mr. Filer's private secretary with Mr. Bruton in the absence of the other two arbitrators. During the trial it was established, however, that he was there merely to draft a tentative award, and his presence did not affect the award. Although there were other claims made during the trial along with those mentioned, none amounted to undue means.

On August 21 Mr. FitzGerald withdrew as an arbitrator and so notified his associates. Filer and Bruton continued their executive session and later that day agreed on an award and sent copies of it to the parties. It was claimed by the petitioner that this resignation or withdrawal should have stayed the proceedings.

It is therefore important to consider the effect of the withdrawal or the resignation of David E. FitzGerald, Jr., on Friday, the 21st of August, 1953. At

that time the board of arbitrators had not concluded their executive sessions and had not decided all of the issues.

But at or about the time of the signing of the arbitration agreement the union and company found themselves in a position with reference to some problems that they could not solve without the intervention of a third agency. As such an agency they chose the arbitration tribunal. One of the reasons for choosing that method must have been to get a settlement arrived at by three reasonable men as expeditiously as possible.

The union and the company however were careful not to grant unlimited powers to the arbitrators. Among other things they carefully defined the issues to be discussed, the method of selection of arbitrators, the time to be used by the arbitrators, the method of substitution of an arbitrator. In short, the arbitration agreement is well drawn and complete.

Now the union and the company were fully aware that certain things were beyond their control, such as death, refusal to act, or resignation of an arbitrator. The arbitration agreement also provided for substitution of an arbitrator by either party but indicated that such a substitution would in no way affect the proceedings. Now, although there was no provision indicating the effect of death, resignation or refusal to act of an arbitrator, it is very significant that the union and the company provided for a majority report.

The parties therefore bound themselves in the absence of undue means to accept the report of any two arbitrators. And if the ultimate award was arrived at by undue means that was not a cause for resignation but rather a cause for a petition to the Superior Court. I therefore conclude that the parties

deliberately refused to give any effect to death, resignation or refusal to act of an arbitrator, except to re-endow the appointing authority with the privilege of appointing a new arbitrator to the board if they decided to exercise it seasonably.

The parties agreed that the time limited for the arbitrators' award would be about fifteen days after the conclusion of the hearings. The award was made August 21, 1953, well within the fifteen-day period.

Application to vacate the award is denied.